UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| CHISTOPHER R. MARTIN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | 2:14-cv-00439-DBH |
|  | ) |  |
|  | ) |  |
| SCOTT LANDRY, | ) |  |
|  | ) |  |
| Respondent | ) |  |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 MOTION**

In this action, Petitioner Christopher R. Martin seeks relief pursuant to 28 U.S.C. 2254. (Petition, ECF No. 1.) Petitioner pled guilty in state court in Maine to three counts of burglary and to a number of lesser charges. (Judgment, *State v. Martin*, No. CUMCD-CR-2010-08568 (June 24, 2011).) The Sentence Review Panel denied leave to appeal the sentence. (Order, No. 11-333 (Oct. 3, 2011).) Petitioner was unsuccessful in obtaining state court post-conviction relief. (Post-conviction Decision, *Martin v. State*, No. CUMCD-CR-2011-08472 (Sept. 27, 2013); Order Denying Certificate of Probable Cause, No. Cum-13-488 (Me. Apr. 24, 2014))

Petitioner argues that he is entitled to relief from his conviction and sentence based on his counsel's: (1) failure to provide Petitioner with copies of discovery; (2) failure to raise an involuntary intoxication defense; and (3) failure to advise Petitioner about consecutive sentences. (Petition at 23-28.) As part of its response to the petition, the State moved for dismissal. (Answer, ECF No. 5.)

After a review of Petitioner's motion and the State's request for dismissal, the recommendation is that the Court grant the State's request and dismiss the petition.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner was employed by a lawn care business. (Plea Tr. at 15.) On December 14, 2010, between approximately 8:00 and 9:00 a.m., Petitioner drove a vehicle, described by several of the victims as a white van or a white BMW, to several residences, and asked the residents if they needed their yards plowed of snow. (*Id.* at 15- 17.) Petitioner had not been authorized by his employer to solicit plowing work on his own. (*Id.* at 15.) The attempted-burglary charges were based in part on Petitioner's use of the same modus operandi to gain access to the houses of the victims. (*Id.*)

In one of the three completed burglaries, the homeowner was at home, but had ignored the ringing of the back and front doorbells and the knocking at the door for eight to ten minutes. (*Id.* at 16.) She then heard a noise inside the home and saw Petitioner hiding in a closet. (*Id.* at 16.) She called the police and ran out of the house. (*Id.*) The victim recognized Petitioner because he had sealed her driveway in August 2010; he had come by the house about a month later asking for a loan, which the family declined; and he had come by yet again about a week before the burglary, and asked if they needed plowing, which they declined. (*Id.*) At the two other burglaries, the homeowners were not at home when the burglaries occurred, but property had been stolen from the homes. (*Id.* at 15-16.) Petitioner was subsequently apprehended by police. (*Id.* at 16-17.)

Petitioner pled guilty in Cumberland County Superior Court in April 2011 to three counts of burglary (Counts 1, 3, 5) (Class B), 17-A M.R.S. § 401(1)(B)(4); three counts of theft by unauthorized taking (Counts 2, 4, 6) (Class C), 17-A M.R.S. § 353(1)(B)(6); driving to endanger (Count 8) (Class E), 29-A M.R.S. § 2413(1); failing to stop for an officer (Count 9) (Class E), 29-

---

[1] The following background facts are from the prosecution version, which Petitioner told the state court in the plea colloquy that he believed to be true as to the felony charges of burglary, attempted burglary, and theft. (Plea Tr. at 15-17.)

2

A M.R.S. § 2414(2); operating while his license was suspended or revoked (Count 10) (Class E), 29-A M.R.S. § 2412-A(1-A)(D); violating a condition of release (Count 11) (Class E), 15 M.R.S. § 1092(1)(A); and two counts of attempted burglary (Counts 12, 13) (Class C), 17-A M.R.S. § 401(1)(B)(4). (Plea Tr. at 1; Judgment at 1-2.)[2] At the plea hearing, Petitioner also admitted a probation violation in a case in Androscoggin County identified as Docket No. CR-06-287. (Post-conviction Decision at 1 n.1; Plea Tr. at 3-4.) Petitioner's potential sentence on the probation violation was up to four years and 346 days. (Plea Tr. at 4.)

In June 2011, the Superior Court sentenced Petitioner to five years of imprisonment on the Class B charges, to two years on the Class C charges, and to six months on the Class E charges, with the sentences to run concurrent with one another, but consecutive to the sentence of four years and 346 days on the probation violation. (Judgment at 1-2.)[3] Petitioner filed an application for leave to appeal the sentence, pursuant to 15 M.R.S. § 2151 and M. R. App. P. 20, in which application Petitioner argued that the sentence was excessively harsh and violated Petitioner's due process and equal protection rights. (Docket Sheet, No. SRP-11-333; Application.) The Law Court denied leave to appeal the sentence. (Order, Oct. 3, 2011.)

In November 2011, Petitioner filed a state court petition for post-conviction review, pursuant to 15 M.R.S. §2129, and argued that (1) he received ineffective assistance of counsel during his plea, (2) the sentence was excessive, and (3) the plea was involuntary. (Post-conviction Docket Sheet; State Court Petition.) In July 2012, after post-conviction counsel was appointed,

---

[2] Although there was no formal plea agreement, the State agreed to dismiss the remaining charge of reckless conduct with a dangerous weapon (Count 7) (Class C), 17-A M.R.S. § 211(1). (Docket Sheet at 4; Post-conviction Decision at 1 n.1; Plea Tr. at 2-3.) That charge was based on the allegation that Petitioner drove the getaway vehicle at a high rate of speed and hit two police vehicles as he fled the home of the third burglary. (Plea Tr. at 16-18.)

[3] Although the record for the Androscoggin County case, CR-06-287, involving the probation violation, is not included in the state court record before this Court, the State represents that the sentence on the probation violation was four years and 346 days. (Answer, ECF No. 5 at 2 n.1.)

Petitioner amended his petition to add allegations that plea counsel failed to review discovery to determine whether there was a factual basis for the plea. (Amended State Court Petition at 2.) A post-conviction evidentiary hearing was conducted over two days in May 2013. (Post-conviction Tr., Vols. I, II.) At the hearing, Petitioner presented the transcript of the plea and sentencing proceedings, his own testimony, the testimony of trial counsel, and the testimony of the attorney who appeared for trial counsel at the plea hearing (plea counsel). (Post-conviction Decision at 2.) In September 2013, the state court denied the petition. (Docket Sheet at 4; Post-conviction Decision at 16.)

In October 2013, pursuant to 15 M.R.S. §2131(1) and M. R. App. P. 19, Petitioner filed an application for a certificate of probable cause to appeal to the Law Court. (Docket Sheet, No. Cum-13-488.) In December 2013, counsel filed a memorandum in support of the application, in which he argued that (1) the post-conviction court erred when it concluded that trial counsel did not have a duty to provide physical copies of the discovery to Petitioner; and (2) the post-conviction court erred when it determined that there was not a reasonable probability that Petitioner would have insisted on going to trial if he had received the discovery. (*Id.* at 1; Memorandum in Support of Certificate of Probable Cause.)

Petitioner later moved for the withdrawal of post-conviction counsel and the memorandum filed by counsel. (Docket Sheet at 2.) The Law Court denied the motion, but granted Petitioner leave to file a supplemental memorandum. (*Id.*)[4] Petitioner filed a pro se supplemental memorandum in which he argued that (1) the court erred when it found that counsel was not ineffective for failure to assert an involuntary intoxication defense; (2) the judge who presided at the post-conviction hearing did not actually "hear" the case due to a hearing impairment; and (3)

---

[4] The Law Court subsequently granted counsel's second motion to withdraw. (Docket Sheet at 4.)

someone had tampered with an audio disc of the plea hearing. (Pro Se Memorandum in Support of Certificate of Probable Cause at 3-6.) In April 2014, the Law Court denied a certificate of probable cause. (Docket Sheet at 4; Order Denying Certificate of Probable Cause.)

Petitioner alleges that he signed the pending section 2254 petition on October 22, 2014; it was filed in this Court on October 30, 2014. In grounds one and three of the section 2254 petition, Petitioner raised the three claims of ineffective assistance of counsel previously identified, which claims involved discovery, the defense of involuntary intoxication, and the issue of consecutive sentences. In grounds two and four, Petitioner claims ineffective assistance of counsel regarding his sentencing appeal and a violation of due process based on cumulative error. The State's answer requests dismissal of grounds one and three on the merits and dismissal of grounds two and four based on Petitioner's failure to exhaust those claims in the state court. (Answer, ECF No. 5.) Petitioner then filed a motion to amend his section 2254 petition to dismiss voluntarily the unexhausted claims. (ECF No. 7.) This Court granted Petitioner's motion to amend, and noted that the petition would proceed on the exhausted claims (Grounds 1 & 3).[5] (ECF No. 8.) In January

---

[5] Petitioner's sentencing appeal ineffective assistance claim was based on counsel's inclusion, on the application for leave to appeal the sentence, of the mention of the charge of reckless conduct for which Petitioner was not convicted. (Petition at 18, 26.) Petitioner also contended that counsel was ineffective because counsel failed to inform Petitioner about either the notice of the sentencing appeal or the status of the appeal. (*Id.* at 26.) The State is correct that this claim was not exhausted. (Answer at 6-7.) Petitioner's state court petition alleges ineffective assistance of counsel based on Petitioner's alleged lack of understanding about the proceedings. (State Court Post-conviction Petition at 4.) In the hearing, post-conviction counsel asked trial counsel about the application for leave to appeal the sentence and the reference to the charge of reckless conduct in particular. (Post-conviction Tr. Vol. I at 21-22.) However, the issue was not raised in either counsel's memorandum in support of a certificate of probable cause or in Petitioner's pro se memorandum. Because the Law Court did not have the opportunity to decide the issue, this Court would not grant habeas relief. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Furthermore, Petitioner would not be entitled to relief on the merits of his claim of ineffective assistance regarding the sentencing appeal. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") Pursuant to M. R. App. P. 20(c), the Sentence Review Panel would have had a copy of the docket entries and the judgment and commitment, among other parts of the record, on which to base its decision. Both the docket sheet in the underlying criminal case and the judgment and commitment indicate that Petitioner was not convicted of the charge of reckless conduct with a dangerous weapon. (Docket Sheet at 4; Judgment at 1-2.) Because the Sentence Review Panel had before it the information that Petitioner was not convicted of the charge of reckless conduct, Petitioner was not prejudiced by the mention of the charge of reckless conduct on the application for leave to appeal the sentence.

2015, Petitioner filed a reply to the State's response. (Reply, ECF No. 9.) [6]

## II. DISCUSSION

**A. Legal Standards**

Before bringing a habeas claim in federal court, a state prisoner must exhaust the remedies available in state court unless there is an absence of available process or the state process is ineffective to protect the petitioner's rights. 28 U.S.C. §2254(b)(1).[7] "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)) (quotation marks omitted). In *Baldwin*, the Court

---

As to Petitioner's argument that counsel was ineffective for failing to inform him of the notice of appeal of the sentence or the status of the appeal, there is no prejudice because the Sentence Review Panel denied leave to appeal. (Docket Sheet at 1.)

Petitioner also alleged cumulative error resulting in a violation of his due process rights. (Petition at 28.) The State correctly points out that Petitioner did not exhaust this claim, and therefore it is procedurally defaulted. *See Knight v. Spencer*, 447 F.3d 6, 18 (1st Cir. 2006). Furthermore, a claim of cumulative error fails when the underlying claims lack merit. *See id.*

[6] For purposes of Petitioner's habeas petition, his filings were complete with the timely filing of his reply. In February 2015, Petitioner filed an affidavit in which he asserts that "there have been retaliatory consequences from his filing of his 2254 petition." (Affidavit, ECF No. 10.) A section 2254 petition, *i.e.*, a habeas action, is the appropriate means for a state prisoner to challenge the duration of his imprisonment, but to the extent Petitioner seeks to bring a federal constitutional challenge to the conditions of his confinement, those claims must be brought, if at all, pursuant to 42 U.S.C. §1983, rather than in a section 2254 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) (noting that section 1983 is the proper remedy for a constitutional challenge to conditions of confinement, whereas a habeas action is the sole federal remedy for a challenge to the fact or duration of imprisonment). This recommended decision expresses no opinion about Petitioner's allegations regarding the conditions of his confinement.

[7] Title 28 U.S.C. § 2254(b) states:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - -

  (A) the applicant has exhausted the remedies available in the courts of the State; or

  (B) (i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

noted that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365-66.)

Federal habeas relief on the merits from a state court judgment is not available unless the state court adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); *see Hensley v. Roden*, 755 F.3d 724, 730-31 (1st Cir. 2014).[8]  "When a state prisoner asks a federal court to set aside a sentence due to ineffective assistance of counsel during plea bargaining, our cases require that the federal court use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster,* 131 S.Ct. 1388, 1403 (2011)) (quotation marks omitted).  Claims of factual error and legal error are both subject to a "highly deferential" standard of review.  *Id.* at 15.

"An '*unreasonable* application of federal law is different from an *incorrect* application of federal law,' and a state court is afforded deference and latitude." *Id.* at 731 (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)) (quotation marks omitted).  When a petitioner challenges the state court's application of federal law, the federal law by which the state court decision is analyzed

---

[8] Because in this case the Law Court denied a certificate of probable cause, the final reasoned analysis of the state court is the September 27, 2013, order of the Superior Court on post-conviction review.  *See Kidd v. Lemke*, 734 F.3d 696, 703 (7th Cir. 2013) (noting that the court reviews "the final reasoned opinion by the state courts").

7

is determined by Supreme Court holdings at the time the state court decision was rendered. *Hensley*, 755 F.3d at 730-31.

When a petitioner challenges the state court's determination of facts, "the fundamental principle of deference to those findings still applies." *Id.* at 731. The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. 2254(e)(1). *See Yeboah–Sefah v. Ficco,* 556 F.3d 53, 66 (1st Cir. 2009) ("The state court's factual finding[s] are 'presumed to be correct' unless the petitioner rebuts this 'presumption of correctness' with 'clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)).

A federal court's "deference" to the statutory presumption of correctness "extends not only to express findings of fact, but to the implicit findings of the state court." *Garcia v. Quarterman,* 454 F.3d 441, 444 (5th Cir. 2006); *see also Campbell v. Vaughn,* 209 F.3d 280, 285-86 (3d Cir. 2000) ("In interpreting [28 U.S.C. § 2254(e)(1) ], the Supreme Court has held that an implicit finding of fact is tantamount to an express one, such that deference is due to either determination.") (citing *Parke v. Raley,* 506 U .S. 20, 35 (1992); *Marshall v. Lonberger,* 459 U.S. 422, 432–33 (1983); *LaVallee v. Delle Rose,* 410 U.S. 690, 692 (1973) (per curiam)).

Regarding the right to counsel, the Supreme Court has held: "The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres." *Iowa v. Tovar,* 541 U.S. 77, 81 (2004). To succeed on a claim of ineffective assistance of counsel, a state prisoner must demonstrate that the state court's "determination that his Sixth Amendment right was not abridged . . . was an unreasonable application of *Strickland v. Washington*, [466 U.S. 668 (1984)]." *Hensley*, 755 F.3d at 736. *Strickland* requires a petitioner to

8

"establish both that counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Turner v. United States,* 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland,* 466 U.S. at 688).

The Court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland,* 466 U.S. at 697. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. As an alternative to a showing of cause and prejudice, a petitioner may demonstrate that review is "necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson,* 501 U.S. 722, 748 (1991) (quoting *Engle v. Isaac,* 456 U.S. 107, 135 (1982)). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1931 (2013). When a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail," and the Court need not determine whether the petitioner has demonstrated "'cause and actual prejudice.'" *Tse v. United States,* 290 F.3d 462, 465 (1st Cir. 2002) (quoting *United States v. Frady,* 456 U.S. 152, 167 (1982)).

"'It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) (footnote omitted)). A state court's legal conclusions regarding claims of ineffective assistance of counsel

and an involuntary plea are not factual findings subject to the presumption of correctness. *Ready v. Scopa*, 974 F.2d 1329 (1st Cir. 1992) (unpublished). However, a presumption of correctness does apply to the findings of fact on which the conclusions are based. *Id.*

**B.      Grounds Asserted and Analysis**

   **1.  Ineffective assistance of trial counsel and involuntary plea based on the failure to provide copies of discovery documents**

Petitioner alleged in the state court post-conviction proceeding that he did not receive his complete discovery file before he pled guilty. (Post-conviction Decision at 3-6.)[9] He alleged that he was prejudiced because the discovery that he did not receive suggested the possible existence of two white vehicles rather than one, and the possibility of alternate suspects whose descriptions were different than Petitioner's appearance. (Post-conviction Decision at 10; Post-conviction Tr. Vol. II at 14, 34.) He maintained that because he did not see this discovery, he could not participate effectively in his own representation, and if he had seen the discovery, he would not have pled guilty. (*Id.* at 14.)[10] Petitioner thus argued that counsel was constitutionally ineffective and that his plea was not voluntary.

---

[9] Petitioner received some discovery, including insurance estimates for damage to the police vehicles. (Post-conviction Tr. Vol. II at 5-6.) It is undisputed that trial counsel's office had made mistakes in attempting to send correspondence to Petitioner. Trial counsel represented two clients with the name of Christopher Martin: Petitioner, who was Christopher R. Martin, and another client named Christopher N. Martin. Christopher N. Martin was charged with domestic violence and was involved in a child protection matter in Androscoggin County. (Post-conviction Decision at 3-4.) Trial counsel had mixed the two clients' records and entered the wrong street address for Petitioner's residence at his father's home. (*Id.* at 5.)

[10] At the post-conviction hearing, when the court asked why Petitioner would not have pled guilty if he had received the discovery, Petitioner responded: "The fact that the witnesses are describing two men in a four-door white car, describing one getting out of the passenger seat, which is 5'10 tall, with a white sweatshirt, getting back into the passenger seat and leaving. And there's a number of different heights and different descriptions. . . . Also, the officer's statement also reflects that there's another vehicle with two men in it that's involved or is in the area." (Post-conviction Tr. Vol. II at 34.) Petitioner also testified that the discovery indicated that there may have been two white vehicles. (*Id.* at 14.) Petitioner alleges in his section 2254 petition that if he had seen discovery that referred to two white vehicles and perpetrators whose descriptions did not match his, he would not have pled guilty. (Petition at 20-21.)

The post-conviction court found that although trial counsel had made mistakes in addressing mail to Petitioner, counsel informed Petitioner about the discovery, and Petitioner "did in fact have knowledge of the discovery and the facts of the case" to the extent necessary to participate in his representation and to decide whether to enter a guilty plea. (Post-conviction Decision at 14-15.) The court also concluded that Petitioner's allegation of prejudice and his claim that the plea was involuntary lacked credibility given the strength of the evidence against him. (Post-conviction Decision at 10, 14; Post-conviction Tr. Vol. II at 34-35.) The court, therefore, concluded that counsel's performance was not constitutionally deficient, that Petitioner was not prejudiced, and that Petitioner's plea was knowing and voluntary.[11] (Post-conviction Decision at 14-15.) Petitioner contends that the state court's findings and conclusions were unreasonable. (Attachment, ECF No. 1-3 at 2.)

Petitioner alleges nothing in his section 2254 petition that, if proven true, would overcome the presumption that the post-conviction court's factual findings were correct. *See* 28 U.S.C. §2254(e)(1).[12] As explained below, the court's findings are supported by the record.

Although trial counsel testified that his billing records did not explicitly state that he had reviewed the discovery with Petitioner, the billing records showed that counsel's second meeting with Petitioner took place a few days before the plea and after counsel had reviewed the discovery. (Post-conviction Decision at 5-6; Post-conviction Tr. Vol. I at 41-43.) Counsel testified that his

---

[11] The post-conviction court also concluded that neither the rules of the Maine Commission on Indigent Legal Services, 94-649 CMR Ch. 102, § 5(7)(B), nor the Maine Rules of Professional Conduct require that physical copies of discovery be provided to a criminal defendant. (Post-conviction Decision at 13.) This conclusion is a matter of state law, and thus any claim based on this conclusion is not cognizable in a federal habeas proceeding. *See Lewis v. Jeffers*, 497 U.S. 764, 783 (1990).

[12] By raising and arguing the discovery issue in both the Superior Court and in his memorandum in support of a certificate of probable cause for discretionary review in the Law Court, Petitioner exhausted this claim in state court. (Answer at 5, 7.) *See* 28 U.S.C. §2254(b)(1)(A); *Baldwin*, 541 U.S. at 29.

routine practice was to review discovery with his clients and to note it in his billing records simply as a client meeting without further descriptive details. (Post-conviction Decision at 6; Post-conviction Tr. Vol. I at 42.) Counsel recalled that he met with Petitioner at the jail and that they discussed discovery and other matters. (Post-conviction Decision at 7; Post-conviction Tr. Vol. I at 52, 59.)

Plea counsel told the court that he had not met Petitioner before the day of the plea hearing, and that he did not review the discovery with Petitioner. (Post-conviction Decision at 6; Plea Tr. at 18.) However, based on plea counsel's discussions with trial counsel, plea counsel was confident that Petitioner understood the substance of the discovery. (Post-conviction Decision at 6; Plea Tr. at 18.)[13] On the morning of the plea, plea counsel asked Petitioner all the questions that plea counsel expected the court to ask Petitioner, including whether Petitioner had had enough time to review discovery. (Post-conviction Decision at 6; Post-conviction Tr. Vol. I at 82.) Petitioner said he had and was ready to move forward. (Post-conviction Decision at 6; Plea Tr. at 18-19.) Plea counsel also testified that if Petitioner had raised any questions about discovery, he would not have recommended that Petitioner go forward with the plea. (Post-conviction Decision at 6; Post-conviction Tr. Vol. I at 84.)

During the plea hearing, the court asked Petitioner whether he had gone over the case with counsel and whether Petitioner had had enough time to discuss the matter with counsel. (Post-conviction Decision at 6-7; Plea Tr. at 14.) Petitioner told the judge he wanted to go forward with

---

[13] Petitioner alleges that trial counsel's failure to attend the plea hearing is indicative of trial counsel's lack of attention to the case. (Petition at 19.) The post-conviction court's conclusion that counsel was not deficient is not unreasonable, given that trial counsel discussed the case, including discovery issues, with Petitioner and plea counsel. See U.S.C. §2254(d)(1), (2).

12

the guilty pleas, and he did not disagree with the factual basis set forth by the State. (Post-conviction Decision at 7; Plea Tr. at 14, 17.)[14]

The state court found the testimony of counsel to be credible. The court's determination is supported by evidence of record. Petitioner thus has failed to provide clear and convincing evidence to rebut the presumption of correctness ascribed to the post-conviction decision's finding that counsel provided Petitioner with discovery information, if not physical copies of all discovery. *See* 28 U.S.C. 2254(e)(1). In short, the court's factual findings and its conclusions were not unreasonable. See 28 U.S.C. § 2254(d)(1), (2); *Burt*, 134 S. Ct. at 13.

### 2. Ineffective assistance of counsel based on counsel's failure to assert defense of involuntary intoxication

Petitioner claims that trial counsel was ineffective because he failed to pursue an affirmative defense of involuntary intoxication, and that post-conviction counsel failed to pursue the ineffective-assistance claim based on trial counsel's failure to do so. Petitioner alleges that before he pled guilty, he told trial counsel that the crimes were out of character for him, and that they could be explained by a medication (Klonopin/clonazepam) that recently had been prescribed for him. (Petition at 23.) Petitioner alleges that trial counsel told him that his argument was not a recognized defense to the crimes. (*Id.*) Petitioner asserts that he asked post-conviction counsel to discuss the issue of ineffective assistance of counsel for failure to pursue an affirmative defense of involuntary intoxication, but post-conviction counsel ignored his request. (Attachment, ECF No. 1-2 at 1.) Petitioner also alleges that counsel should have raised the issue of involuntary intoxication at sentencing. (Attachment, ECF No. 1-3 at 4.)

---

[14] Petitioner alleges in his section 2254 petition that plea counsel advised him not to speak at the plea hearing because it could result in a harsher sentence. (Petition at 25.) This argument is procedurally defaulted because Petitioner did not exhaust it in the state court post-conviction proceeding. *See* 28 U.S.C. § 2254(b). The claim also fails on the merits because Petitioner told the court at the plea hearing that no one had made any promises to Petitioner in return for his plea, and no one had threatened Petitioner to induce him to plead guilty. (Plea Tr. at 13-14.) *See* 28 U.S.C. § 2254(b)(2).

13

Although the post-conviction court's conclusion was implicit rather than explicit, the issue appears to have been exhausted and, therefore, is appropriate for consideration in this section 2254 proceeding. At the post-conviction hearing, evidence regarding Petitioner's lack of memory of the crimes, his medication, and his related conversation with trial counsel was presented. Petitioner testified at the post-conviction hearing that he was under the influence of his medication on the day of the crimes, that he "blacked out," and that he did not remember anything about that day. (Post-conviction Tr., Vol. II at 10-11.) Trial counsel testified that Petitioner told him that Petitioner had taken some medication, and counsel responded by noting that this was a matter to be argued at sentencing. (Post-conviction Tr. Vol. I at 45.) Counsel also testified that he discussed strategy with Petitioner, that Petitioner consented to counsel's suggested strategy, and that counsel would have gone to trial had Petitioner so desired. (Post-conviction Tr. Vol. I at 72-73.)

The post-conviction court noted both Petitioner's testimony about his lack of memory of the day and the strength of the evidence against Petitioner. (Post-conviction Decision at 10, 14, 16.) Given the evidence before the post-conviction court, and given the court's denial of post-conviction relief, one can rationally conclude that the post-conviction court found that there was no factual basis for a defense of involuntary intoxication, that counsel made a reasonable strategic decision not to pursue the defense, and that Petitioner was not prejudiced. *See* 28 U.S.C. 2254(d)(1), (2); *Burt*, 134 S. Ct. at 13; *Garcia*, 454 F.3d at 444. [15]

---

[15] Petitioner alleges that post-conviction counsel was ineffective for failing to include a claim that trial counsel was ineffective for failing to raise the defense of involuntary intoxication. (Petition at 22 & n.17; Attachment, ECF No. 1-7.) Petitioner's claims that post-conviction counsel was ineffective because he omitted the issues of involuntary intoxication, consecutive sentences, or an alleged hearing impairment of the post-conviction judge, fail to meet either prong of *Strickland*. Counsel was not deficient for failing to raise any of these issues because, as discussed elsewhere in this recommended decision, the underlying arguments lack merit. *See Tse*, 290 F.3d at 465. Furthermore, Petitioner was not prejudiced by post-conviction counsel's failure to raise the issue, because Petitioner had the opportunity to and did raise these issues in his pro se memorandum in support of a certificate of probable cause. (Pro Se Memorandum at 3-6.) *See Strickland*, 466 U.S. at 697.

### 3. Ineffective assistance of trial and plea counsel and voluntariness of plea based on failure to advise about consecutive sentences

Petitioner alleges that the post-conviction court's finding that Petitioner understood that the sentences could be consecutive was unreasonable. Petitioner contends that trial counsel and plea counsel were ineffective and his plea was not voluntary because he did not understand that by pleading guilty, he could receive a sentence that was consecutive to the sentence on his Androscoggin County probation violation. (Petition at 19, 24-25.) He maintains that trial counsel told him that the best strategy was to take an open plea and argue for a sentence of three or four years "with maybe some probation." (*Id.* at 24.) He alleges that he did not learn until sentencing that the sentences on the new charges to which he pled guilty could be consecutive to the sentence on his probation violation. (*Id.* at 25; Attachment, ECF No. 1-3 at 3.) Petitioner clearly exhausted this issue in the state court.[16]

The post-conviction court determined that although Petitioner testified that he did not receive copies of the correspondence between the State and trial counsel regarding whether the State would ask for consecutive sentences, Petitioner admitted that he was aware that the sentence could be longer based on the length of his criminal history. (Post-conviction Decision at 10-11.) The court noted that Petitioner's criminal history, from 2000, included a number of thefts, burglaries, drug convictions, probation violations, and bail violations. (*Id.*) Based on counsel's billing of a meeting with Petitioner with a notation to "argue for concurrent," the court also

---

[16] Petitioner alleged in his initial state court petition that plea counsel told him that he would receive a lesser sentence than that ultimately imposed by the court, and that Petitioner did not understand the proceedings regarding consecutive sentencing. (Post-conviction Decision at 1.) Petitioner raised the issue in his pro se memorandum in support of a certificate of probable cause. (Pro Se Memorandum in Support of Probable Cause at 5-6.) In his pro se memorandum, Petitioner alleged that someone had tampered with an audio recording of a hearing. (*Id.*) As discussed below, the dispute over the audio recording of the plea hearing was focused on the portion of the plea colloquy in which the court and the parties were discussing the issue of consecutive sentencing. By raising this issue both in the post-conviction proceeding and in Petitioner's pro se memorandum in support of a certificate of probable cause, Petitioner exhausted his state court remedies.

determined that Petitioner likely was aware of the issue of consecutive and concurrent sentences. (*Id.* at 7-8.) Counsel ultimately argued for fully-suspended consecutive sentences. (*Id.* at 8.) The court concluded that counsel's performance was not deficient, that Petitioner was not prejudiced, and that Petitioner's plea was knowing and voluntary. (*Id.* at 15-16.)

The post-conviction court also found that Petitioner was not prejudiced by counsel's alleged failure to discuss with him the possibility of consecutive sentences because the trial court fully informed Petitioner in the plea hearing of the fact that the sentence could be consecutive. (*Id.* at 11-12, 16.) The post-conviction court found that "the plea judge understood that the State was asking for consecutive sentences as between the probation revocation and the new charges and explained this to [Petitioner], who reflected back that [he] understood." (*Id.* at 12.) The post-conviction court determined that before proceeding with the plea, the court reviewed with Petitioner the elements of each of the crimes charged against Petitioner, confirmed that the plea was open, and explained to Petitioner the maximum sentences that could be imposed. (*Id.* at 16.)

Despite the reasonableness of post-conviction court's findings, Petitioner nevertheless claims prejudice. In support of his argument, Petitioner cites a contested portion of the plea hearing transcript. The State moved to correct the transcript, requesting removal of the word "not" where it appears bracketed and in bold below:

> COURT: I take it the State is not going to be asking for consecutive sentences here?
>
> [STATE]: Well between the revocation and the new conduct, --
>
> COURT: All right.
>
> [STATE]: -- we are **[not]**, Your Honor.
>
> COURT: All right. Between -- but as between each of the -- each of the offenses in CR-10-8568, you are not going to be asking for consecutive sentences with respect to those?

16

> [STATE]: No, we are not.
>
> Court: All right. So, just so that you -- my understanding is we have an open plea here today, so the maximum penalty for a Class B offense is ten years in jail, a twenty-thousand dollar fine and three years of probation, a Class C offense, the maximum penalty is five years, a five-thousand dollar fine and two years' worth of probation. You understand that if at the end of this I accept your open plea, the risk is that on the B's you can do the maximum and on the C's you can do the maximum. You understand that? You have to say yes if you --
>
> [PETITIONER]: (Inaudible response)
>
> COURT: That's all right. It's a lot of yeses today. All right. And with respect to what the State's telling me is that they're going to make an argument at sentencing that in addition to the -- potentially the maximum of a Class B and a Class C they're also going to try to add on top of that the three -- the maximum sentence with the probation revocation that we discussed earlier. Do you understand that?
>
> [PETITIONER]: Yes.

(Post-conviction Decision at 12 & n.3; Plea Tr. at 11-12.) The post-conviction court granted the motion for the correction to the plea transcript over Petitioner's objection, and the court ordered that the word "not" be removed. (Post-conviction Decision at 12 & n.3; Plea Tr. at 11-12; Docket Sheet at 3; Order, Feb. 8, 2013.)[17]

Petitioner contends that he never got to review the audio recording, and he alleges that he "remembered it differently than what the record reflected." (Petition at 19, 22.)[18] Petitioner

---

[17] The motion to correct the transcript and the post-conviction court's order granting the motion do not appear on the post-conviction docket sheet, but they are included in the state court record filed in this Court. Petitioner's objection does appear on the docket sheet. (Docket Sheet at 3.) It appears that the post-conviction court granted the State's motion to correct the transcript based on the State's representation about the audio recording, but at the post-conviction hearing, the judge told the parties that she would listen to the audio recording. (Post-conviction Tr. Vol. I at 86-89.)

[18] Petitioner alleges that the post-conviction judge had a hearing impairment. (Petition at 22.) In his pro se memorandum in support of a certificate of probable cause, Petitioner alleged generally that the judge was unable to hear the post-conviction proceedings, and as a result, Petitioner's state court post-conviction petition was not actually "heard." (Pro Se Memorandum at 5.) In his section 2254 petition, Petitioner includes this allegation within the section of the petition addressing the post-conviction court's grant of the State's motion to correct the audio transcript of the plea hearing. Although a different judge presided at the plea hearing, presumably the post-conviction judge reviewed the audio transcript of the plea hearing before deciding the contested motion to correct the plea transcript. Although in the post-conviction hearing, the judge at times asked the participants to speak up, nothing in the record supports

17

provides no basis for a claim that the correction of the record constitutes an unreasonable determination of the facts regarding what the State said at the plea hearing. *See* 28 U.S.C. §2254(d)(2). Insofar as the subsequent colloquy in Petitioner's presence plainly establishes that the State intended to argue for consecutive sentences, the court's decision to grant the amendment was reasonable. Indeed, even if the transcript had not been corrected, the court explicitly explained to Petitioner that the State may argue at sentencing for a maximum sentence on the new Class B and Class C crimes "on top of" the maximum sentence on the probation revocation. Petitioner's claim of ineffective assistance of counsel and his contention that his plea was not voluntary are thus unsupported by the record.

In short, Petitioner is not entitled to habeas relief because the adjudication on the merits of his post-conviction petition in state court did not result in a decision that was either contrary to or involved an unreasonable application of federal law or that was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

### III.  CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. Because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2), the recommendation is that the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. section 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to

---

Petitioner's allegation that the judge did not hear or misheard the testimony or argument in the post-conviction hearing. (Post-conviction Tr. Vol. I at 15, 90, 91; Vol. II at 9.)

28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                    /s/ John C. Nivison
                                    U.S. Magistrate Judge

Dated this 27th day of March, 2015.